UNITED TOBACCO WAREHOUSE, INC., Appellant,

v.

SOUTHERN STATES FRANKFORT COOPERATIVE, INC., Appellee.

No. 86–CA–1710–S.

Court of Appeals of Kentucky.

Aug. 21, 1987.

Discretionary Review Denied by Supreme Court Oct. 27, 1987.

Joseph L. Arnold, Lexington, for appellant.

W. Thomas Bunch, Lexington, for appellee.

Before CLAYTON, McDONALD and MILLER, Judges.

McDONALD, Judge.

United States Warehouse, Inc., appeals from the judgment of the Fayette Circuit Court which awarded the appellee, Southern States Frankfort Cooperative, Inc., the sum of $31,913.76 and dismissed as a party the appellee, United Bank & Trust Company. The parties to this action are creditors of Frankie Lane Brown and the litigation concerned entitlement to the proceeds from Brown's 1982 tobacco crop. A previous summary judgment in favor of the warehouse was reversed and remanded by this Court. In its opinion and order of May 28, 1986, the trial court sustained Southern States' motion for summary judgment holding that the payment by the warehouse of the proceeds of the tobacco crop to Brown's unsecured creditor, the bank, resulted in the loss of protections afforded to a warehouse by KRS 355.9–307(2), and that the warehouse was liable to Southern States, the holder of a perfected security interest in the proceeds. It also held that the bank had no liability to Southern States and was thus entitled to dismissal of the complaint as to it.

A final judgment pursuant to the opinion and order was entered on June 3, 1986. In the first numbered paragraph of the judgment the trial court awarded Southern States the amount of $31,913.76 against the appellant warehouse. The second paragraph purported to dismiss the warehouse as a party, although it was clear from the previously entered opinion and order that the party contemplated by the court as being entitled to dismissal was the bank. On June 13, 1986, Southern States filed a motion to correct the clerical error in the judgment. There was no objection filed of record to the motion by the appellant. On July 8, 1986, the court entered an order correcting the judgment to reflect the bank as the party it actually intended to dismiss. United Tobacco Warehouse, Inc., filed a notice of appeal from the June 3, 1986 and July 8, 1986 judgments on July 14, 1986.

Southern States previously moved this court to dismiss the appeal as having been filed untimely. There was no response to this motion and it was sustained on September 23, 1986. The appellant thereafter filed a motion, treated as a motion to reconsider the court's order dismissing. It argued that the July 14 order was the final judgment and that its "hands were tied from filing any Notice of Appeal because the Court had pending before it another motion." The panel that had originally dismissed the appeal granted the appellant's motion to reconsider and reinstated the appeal to the active docket.

Southern States then moved to renew its motion to dismiss, or in the alternative, for a prehearing conference "to resolve the issues of law to be argued herein." A prehearing conference was conducted. Apparently no such "resolution" as to the legal issues was reached as the prehearing conference order merely designated the matter as a special appeal. In its position statement the appellee continues to assert that the appeal is jurisdictionally flawed and should be dismissed. We agree.

Civil Rule 73.02 provides that a notice of appeal "shall be filed within 30 days after the date the judgment or order from which it is taken was entered. ..." This rule also specifies motions which terminate the running of the time to take an appeal as being only those made timely pursuant to CR 50.02, CR 52.02, and CR 59. CR 73.02(1)(e). A motion to correct a clerical error is not encompassed within these rules and thus does not toll the 30 day time for filing a notice of appeal. *See* W. Bertelsman and K. Philipps, 7 *Kentucky Practice,* CR 60.01 and CR 73.02 (4th ed., 1984). Clerical errors may be corrected at any time, even during the pendency of an appeal. CR 60.01. As was explained in *Intern. Controls Corp. v. Vesco,* 556 F.2d 665, 670 (2nd Cir.1977), a motion to correct a clerical mistake "does not lead to relief from the underlying judgment. ..." Thus "[t]he time for appeal from the underlying judgment correspondingly dates from the

original rendition of judgment ..." and not from the entry of an amended judgment. *Id.*

■ Compliance with the time requirements of CR 73.02 is mandatory and jurisdictional. CR 73.02(2); *Cobb v. Carpenter,* Ky.App., 553 S.W.2d 290 (1977); *Burchell v. Burchell,* Ky.App., 684 S.W.2d 296 (1984). The record in this matter was not available to the motion panel which previously considered the issue of jurisdiction. We have reviewed the record and are satisfied that the postjudgment motion was indeed one made solely to correct a clerical error and cannot be construed otherwise.

It is therefore ORDERED that the appeal be and it hereby is DISMISSED.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.38 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

ALL CONCUR.