Lisa K. FOX (SIMMONS), Appellant

v.

Brian C. HOUSE, Larry G. Bryson,
Bledsoe & Bryson, P.S.C. and R.
William Tooms, Appellees.

No. 95–CA–721–MR.

Court of Appeals of Kentucky.

June 2, 1995.

Discretionary Review Denied Oct. 11, 1995.

Richard A. Getty and C. Thomas Ezzell,
Lexington, for appellant.

James Wendell Taylor, Lynn C. Stidham,
Lexington, John G. Prather, Jr., Winter
Huff, Somerset, and R. William Tooms, London, for appellees.

Before LESTER, C.J., and McDONALD
and DYCHE, JJ.

*OPINION AND ORDER DISMISSING*

McDONALD, Judge.

Appellees, Larry G. Bryson and Bledsoe &
Bryson, P.S.C., and appellees, Brian C.
House and R. William Tooms, have filed motions to dismiss this appeal to which appellant has responded. The Court has considered the motions and responses and, being
sufficiently advised, ORDERS both motions
be GRANTED.

Appellees contend that appellant's notice
of appeal is untimely. The order appealed
from was entered on February 1, 1995, and
the notation of its service under CR 77.04(2)
was made on the same date. Pursuant to
CR 73.02(1)(a), appellant had thirty (30) days
thereafter in which to file her notice of appeal. Appellant's last day for filing a notice
of appeal was March 3, 1995. However, the
notice of appeal was filed on March 6, 1995.

In response, appellant argues that her notice of appeal was certified as having been
served on March 2, 1995, and was marked
and identified to be delivered via overnight
express mail (Federal Express) by noon on
March 3, 1995, but that the carrier failed to
deliver the notice of appeal until March 6,
1995. She claims that her notice of appeal
was timely filed due to the application of CR
6.05 and CR 76.40(2) to the facts of her case.
We disagree.

CR 6.05 provides in pertinent part:

Whenever a party has the right or is
required to do some act or take some

proceedings within a prescribed period after the *service* of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.... [Emphasis added.]

CR 73.02(1)(a) provides:

The notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order under Rule 77.04(2).

■ CR 6.05 applies to actions which are triggered by service. One illustration of its applicability to appellate procedure can be found in CR 76.34(2) which allows a party to file a response to a motion within 10 days after the date the motion was served on that party. However, the time for filing a notice of appeal is triggered not by service but by the date of the clerk's notation on the docket of the service of notice of entry. That date is the date of entry for the purpose of fixing the running of time for appeal. CR 73.02(1); CR 77.04(2).[1] In the case at bench, the date of the notation on the docket of the service of notice of entry was February 1, 1995. Pursuant to CR 6.01, appellant's time for appeal started running on February 2, 1995, and expired on March 3, 1995.[2]

CR 76.40 provides in pertinent part:

To be timely filed, a document must be *received by the Clerk of the Supreme Court or the Clerk of the Court of Appeals* within the time specified for filing, except that any document shall be deemed timely filed if it has been transmitted by United States registered (not certified) or express mail, or by other recognized mail carriers.... [Emphasis added.]

By its own terms, CR 76.40(2) only applies to documents which must be filed in the Supreme Court or in the Court of Appeals. Notices of appeal must be filed in the court from which the appeal is taken. CR 73.01(2).

■ The Kentucky Supreme Court has rejected extending application of the policy of substantial compliance to the filing of a notice of appeal. Filing a notice of appeal within the prescribed time frame is still mandatory and failure to do so is fatal to an appeal. CR 73.02(2); *Workers' Compensation Board v. Siler*, Ky., 840 S.W.2d 812 (1992); *City of Devondale v. Stallings*, Ky., 795 S.W.2d 954 (1990). We hold that appellant's notice of appeal did not strictly comply with that mandate, that it is untimely and that such defect cannot be cured.

Based on the foregoing, it is ORDERED that appeal number 95–CA–721–MR be DISMISSED.

All concur.

---

1. Confusion also often arises regarding the applicability of CR 6.05 to the timely filing of an appellee's brief or an appellant's reply brief and a clarification appears necessary. Since CR 76.12(2)(a) provides that an appellee's brief shall be filed within 30 days after the date on which the appellant's brief was *filed* and an appellant's reply brief shall be filed within 15 days after the date on which the last appellee's brief was *filed*, CR 6.05 does not operate to add 3 days to the prescribed period.

2. CR 6.02 provides for an extension of time for taking action under CR 73.02 only to the extent permitted by the Rule. The sole extension of time permitted by said Rule is found in CR 73.02(1)(d) where a trial court may extend the time for filing a notice of appeal upon a showing of excusable neglect based on failure of a party to learn of the entry of a judgment. Appellant states that she has filed a motion pursuant to CR 73.02(1)(d) in the Laurel Circuit Court. Whether the merits of appellant's case qualify for such extension is not before us. However, we note that appellant did not file her motion until after filing her notice of appeal. A notice of appeal, when filed, transfers jurisdiction of the case from the circuit court to the appellate court. *City of Devondale v. Stallings*, Ky., 795 S.W.2d 954 (1990). Since the Laurel Circuit Court is without jurisdiction to entertain appellant's motion, we need not consider her request for a stay.