Aaron Lamont WILLIS, Appellant,

v.

Darlene Denise WILLIS, Appellee.

No. 2011–CA–001519–MR.

Court of Appeals of Kentucky.

Feb. 17, 2012.

Before COMBS, KELLER and VANMETER, Judges.

## OPINION AND ORDER

KELLER, Judge:

On August 26, 2011, this Court gave the appellant twenty days to show cause why this appeal should not be dismissed for failing to timely file the notice of appeal. The appellant has filed a response to the show cause order.

On May 27, 2011, the appellant tendered a Notice of Appeal with a Motion to Proceed In Forma Pauperis on appeal to the circuit court clerk from an order of the Boyd Circuit Court entered on March 25, 2011, which dismissed his Petition for Dissolution of Marriage, and an order entered on April 25, 2011, which denied his Motion to Alter, Amend or Vacate the March 25 order. On August 22, 2011, the circuit court granted the appellant's Motion to Proceed In Forma Pauperis, and the clerk filed the Notice of Appeal on the same day. CR 73.02(1)(a) requires the notice of appeal to be filed within 30 days from the date of entry of the notation of service of the judgment or order from which the appeal is being taken. CR 73.02(1)(b) provides that a notice of appeal tendered within the 30–day time restriction accompanied by a motion to proceed in forma pauperis may be considered timely even though not filed until resolution of the filing fee by the granting of the motion or payment of the appellate filing fee. The time for filing a notice of appeal pursuant to CR 73.02 is both mandatory and subject to strict compliance. *City of De-*

*vondale v. Stallings,* 795 S.W.2d 954, 957 (Ky.1990); *Fox v. House,* 912 S.W.2d 450 (Ky.App.1995); *Diaz v. Barker,* 254 S.W.3d 835, 837 (Ky.App.2008). *See also* CR 73.02(2) ("The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial."). The notice of appeal in this case was untimely because it was tendered outside the 30–day time requirements of CR 73.02.

In his response to the show cause order, appellant claims that he "filed" his Notice of Appeal on May 14, 2011, by giving a copy of the notice and a Motion to Proceed In Forma Pauperis to prison personnel for mailing by regular mail at the Federal Correctional Institution at Ashland where he is incarcerated. He cites to federal case law in arguing that the prison mailbox rule should be applied in order to determine whether he complied with the time requirements for the filing of his notice of appeal.

As an initial matter, we note that the appellant's reliance on federal case law is misplaced. The prison mailbox rule was developed by the U.S. Supreme Court in the case of *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The *Houston* decision involved the interpretation of federal statutes and federal appellate procedure and was not based on constitutional law; so it is not binding on state courts. *See Causey v. Cain,* 450 F.3d 601, 604 (5th Cir.2006)(stating state courts not bound by *Houston* in interpreting state rule on filing documents in state court); *Adams v. LeMaster,* 223 F.3d 1177, 1182 n. 4 (10th Cir.2000); *State ex rel. Tyler v. Alexander,* 52 Ohio St.3d 84, 555 N.E.2d 966 (1990) (rejecting adoption of prison mailbox rule because state court not bound by *Houston,* which was not based on constitutional principles). The prison mailbox rule is essentially a proce-

dural, rather than substantive, rule of law; so state courts are not bound by federal law in applying the rule to state court proceedings. *See Gonzales v. State*, 118 Nev. 590, 594, 53 P.3d 901, 903 n. 12 (2002); *Walker–Bey v. Department of Corrections*, 222 Mich.App. 605, 609 n. 1, 564 N.W.2d 171, 172 n. 1 (1997); *Mayer v. State*, 184 Ariz. 242, 244, 908 P.2d 56, 58 (1995). *See also Jaroszewski v. Flege*, 297 S.W.3d 24, 40 n. 31 (Ky.2009) ("We note that federal case law construing federal rules (even those similar to our state court rules) does not control how we construe our state court rules."). Thus, we are not bound by the federal law cited by the appellant with respect to the filing of his notice of appeal in this state domestic relations action.

The prison mailbox rule is a procedural rule which provides that, for a prisoner proceeding *pro se*, the effective filing date is considered the day the prisoner delivers the applicable legal document into the hands of prison officials for mailing. In *Robertson v. Commonwealth*, 177 S.W.3d 789, 791 (Ky.2005), *overruled in part by Hallum v. Commonwealth*, 347 S.W.3d 55, 57 (Ky.2011), the Kentucky Supreme Court declined to adopt the "prison mailbox rule" in favor of an equitable tolling procedure. The Court stated: "Perceiving the possibility of unforeseen mischief fostered by otherwise good intentions, we decline to adopt the fiction that 'filing'

means delivery to prison authorities." *Id.* at 791.[1]

However, the Kentucky Supreme Court recently adopted by rule a version of the prison mailbox rule. Although the Kentucky Supreme Court agreed with the underlying rationale for the prison mailbox rule espoused by the United States Supreme Court, *see Hallum v. Commonwealth*, 347 S.W.3d 55, 57 (Ky.2011) (*citing Houston v. Lack, supra*), the Kentucky prison mailbox rule is more narrow and restrictive than the federal rule. Effective January 1, 2011, the Kentucky Supreme Court adopted the prison mailbox rule for prison inmates filing a notice of appeal *in a criminal case*.[2] RCr 12.04(5) states: "If an inmate files a notice of appeal *in a criminal case*, the notice shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid." (Emphasis added). The Kentucky Supreme Court did not adopt a corresponding civil rule for applying the prison mailbox rule to the filing of documents by inmates involved in civil cases. As a result, even if the appellant gave his notice of appeal to federal prison personnel for mailing on May 14, 2011, which would have been prior to the 30–day filing deadline, it would not comply with the filing requirements of CR 73.02(1)(b).

---

1. The Court provided several reasons for declining to adopt the prison mailbox rule, which included a reluctance to effectively amend the rules of procedure without following the formal procedures as stated in CR 87, and to effectively, *sua sponte*, amend the statutory time limitations for filing documents in various actions by the General Assembly. *See id.* at 791.

2. The federal mailbox rule has been applied generally to various documents filed in association with civil and criminal cases. *See, e.g.,* Fed. R.App. P. 4(c) (dealing with notices of appeal in civil and criminal cases); Fed. R.App. P. 25(a)(1) and (a)(2)(c) (dealing with filing of documents in appellate courts); *Price v. Philpot*, 420 F.3d 1158 (10th Cir.2005) (extending prison mailbox rule to civil rights complaints under 42 U.S.C. § 1993, and initial filings of habeas corpus petitions under 28 U.S.C. §§ 2254 and 2255).

We sympathize with the appellant; however, this appeal must be dismissed as untimely. It is clear that the Kentucky Supreme Court has recognized that incarcerated appellants should be entitled to some "saving" mechanism that provides some leniency in applying the strict filing requirements for notices of appeal. The mechanism in RCr 12.04(5) only applies to inmates because they do not have access to any means of transmitting documents to the courts other than through the prison internal mail system. The Kentucky Supreme Court could have extended the prison mailbox rule to all documents filed by prison inmates based on the underlying rationale for the rule, but it chose not to do so. We are constrained to abide by that choice. *See, e.g.,* Rules of the Supreme Court 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). *Compare with State v. Parker,* 936 P.2d 1118, 1119 (Utah App. 1997) (declining to adopt prison mailbox rule for lack of authority because adoption of rule of procedure should be left to the state supreme court which has the authority for drafting the rules of appellate procedure).

Accordingly, this Court fails to find sufficient cause, and ORDERS that this appeal be DISMISSED.

ALL CONCUR.