Wesley S. ANGLIN, Appellant

v.

JUSTICE & PUBLIC SAFETY CABINET, Appellee

NO. 2014–CA–001914–MR

Court of Appeals of Kentucky.

RENDERED: DECEMBER 23, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Wesley S. Anglin, Pro Se, West Liberty, Kentucky.

BRIEF FOR APPELLEE: Catherine M. Stevens, Frankfort, Kentucky.

BEFORE: ACREE, CHIEF JUDGE; J. LAMBERT AND MAZE, JUDGES.

LAMBERT, J., JUDGE:

Wesley S. Anglin has appealed from the Franklin Circuit Court's March 20, 2014, order denying his motion for reconsideration of the order granting the Justice & Public Safety Cabinet's motion to dismiss his petition for declaration of rights. Because we agree with the Cabinet that Anglin's notice of appeal was untimely, we dismiss the above-styled appeal.

Anglin is an inmate at the Eastern Kentucky Correctional Complex where he is currently serving a twenty-six year sentence for his convictions of first-degree burglary and first-degree robbery under two indictments. In January 2014, Anglin filed a pro se petition for declaration of rights seeking review of the Department of Corrections' decisions on the calculation of his sentence and use of Lexis Nexis. Anglin also sought punitive damages. The Cabinet moved to dismiss Anglin's petition for failure to state a claim and because his claim for monetary damages was barred by the doctrine of sovereign immunity. The circuit court granted the Cabinet's motion pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 and dismissed Anglin's petition on February 24, 2014, due to his failure to file his petition within the one-year statute of limitations. On March 6, 2014, Anglin filed a motion for reconsideration of the dismissal order, to which the Cabinet objected.

The circuit court denied the motion for reconsideration by order entered March 20, 2014, and the clerk noted that the order was served on all parties that day by first class mail. On April 22, 2014, Anglin filed a motion to proceed in forma pauperis and tendered his notice of appeal from the March 20, 2014, order. After some delay related to the court's ruling on his status as a pauper, the notice of appeal was filed on November 25, 2014.

In its brief, the Cabinet contends that Anglin's appeal should be dismissed pursuant to CR 73.02(1) as untimely filed. We agree.

CR 73.02(1)(a) provides that "[t]he notice of appeal shall be filed within 30 days after the date of notation of service of the judgment or order under Rule 77.04(2)." CR 73.02(1)(b) addresses filing fees and provides, in part, as follows:

Motions to proceed in forma pauperis on such an appeal or cross-appeal must be addressed to the circuit court. If timely tendered and accompanied by a motion to proceed in forma pauperis supported by an affidavit, a notice of appeal or cross-appeal shall be considered timely but shall not be filed until the motion to proceed in forma pauperis is granted or, if denied, the filing fee is paid. If the motion to proceed in forma pauperis is denied, the party shall have 30 days within which to pay the filing fee or to appeal the denial to the appropriate appellate court. Time for further steps in the appeal or cross-appeal shall run from the date that the notice of appeal is filed upon payment of the filing fee or the granting of the motion to proceed in forma pauperis.

"The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial." CR 73.02(2). In *Stinson v. Stinson*, 381 S.W.3d 333, 336 (Ky. App.2012), this Court addressed the mandatory requirement that a notice of appeal be timely filed:

> Our rules of procedure specifically and clearly provide that a notice of appeal must be filed within thirty days after notation of service of the judgment or order. CR 73.02(1)(a). "Compliance with the time requirements of CR 73.02 is mandatory[.]" *United Tobacco Warehouse, Inc. v. Southern States Frankfort Co-op., Inc.*, 737 S.W.2d 708, 710 (Ky. App.1987).
>
>> The timely filing of a notice of appeal is not jurisdictional, but rather is a matter of procedure. *Johnson v. Smith, Ky.*, 885 S.W.2d 944 (1994). Nevertheless, the supreme court squarely held in *Johnson* that the timely filing of a notice of appeal in compliance with CR 73.02 is the method by which the jurisdiction of the appellate court is invoked and that automatic dismissal of an appeal is the penalty for late filing of such a notice. 885 S.W.2d at 950.
>
> *Stewart v. Kentucky Lottery Corp.*, 986 S.W.2d 918, 921 (Ky.App.1998).

*See also City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky.1990); *Fox v. House*, 912 S.W.2d 450, 451 (Ky.App.1995) ("The Kentucky Supreme Court has rejected extending application of the policy of substantial compliance to the filing of a notice of appeal. Filing a notice of appeal within the prescribed time frame is still mandatory and failure to do so is fatal to an appeal.").

As the Cabinet points out, the Supreme Court adopted the prison mailbox rule in January 2011, which provides, "[i]f an inmate files a notice of appeal in a criminal case, the notice shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid." CR 12.04(5). However, the Supreme Court "did not adopt a corresponding civil rule for applying the prison mailbox rule to the filing of documents by inmates involved in civil cases." *Willis v. Willis*, 361 S.W.3d 341, 343 (Ky.App.2012). While the Supreme Court "could have extended the prison mailbox rule to all documents filed by prison inmates based on the underlying rationale for the rule," it did not choose to do so. *Id.* at 344. Anglin's petition for declaration of rights is a civil action, not a criminal one. *See Million v. Raymer*, 139 S.W.3d 914 (Ky.2004).

In the present case, the order from which Anglin sought to appeal was entered and served on Thursday, March 20, 2014. Thirty days from that date was Saturday, April 19, 2014, meaning that his notice of appeal had to be received no later than Monday, April 21, 2014. The circuit court did not receive Anglin's notice of appeal and the accompanying motion to proceed in *forma pauperis* until Tuesday, April 22, 2014, one day past the mandatory deadline. Therefore, this Court has no choice but to dismiss the appeal because our jurisdiction was never invoked.

For the foregoing reasons, the above-styled appeal is ORDERED DISMISSED.

ALL CONCUR.