RENDERED: JUNE 4, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0891-MR

JAMES HARRISON                                                                  APPELLANT

v.
APPEAL FROM LYON CIRCUIT COURT
HONORABLE C.A. WOODALL, JUDGE
ACTION NO. 18-CI-00127

CATHERINE WEICHT; RANDY WHITE,
WARDEN; AMY V. BARKER;
MARCUS JONES; JOHN AND/OR
JANE DOE                                                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

CLAYTON, CHIEF JUDGE: James Harrison appeals *pro se* from a Lyon Circuit

Court order dismissing his "Open Records Complaint, and Civil Complaint with

Jury Demand." Because we agree with the trial court that the complaint was

untimely filed and failed to state a claim upon which relief could be granted, we affirm.

On May 29, 2018, Harrison, who was at that time an inmate at the Eastern Kentucky Correctional Complex (EKCC), submitted three requests pursuant to the Kentucky Open Records Act (ORA), Kentucky Revised Statutes (KRS) 61.870 to 61.884, to the Kentucky State Penitentiary (KSP), seeking multiple documents. The KSP Open Records Coordinator notified him that additional time would be needed to respond because his requests were numerous, and the documents were not readily available and would require additional time to locate and review. Harrison attempted to pay for the records in advance, but KSP delayed accepting payment until all the records had been retrieved and the exact number of requested documents was known. The documents were sent to Harrison on June 25, 2018.

Harrison filed an appeal with the Office of the Attorney General (OAG) arguing that KSP had violated the ORA by requiring him to follow a procedure which requires prepayment for the requested documents. He also argued that the delay in providing the documents was an intentional violation of the ORA and that he was not provided with a legitimate reason why the records were not readily available. The OAG rendered a decision on July 24, 2018, finding that KSP's policy of requiring prepayment for copying fees did not violate the

ORA and further holding that KSP's explanation for the delay in providing the records was legitimate and in accordance with KRS 61.872(5). The opinion notified Harrison that a party aggrieved by the decision could appeal by initiating an action in the appropriate circuit court.

Harrison thereafter filed an "Open Records Complaint, and Civil Complaint with Jury Demand" in the Lyon Circuit Court, naming as defendants the Open Records Coordinator for KSP, the former KSP Warden and Official Custodian of Records, an attorney with the Justice and Public Safety Cabinet Office of Legal Services, the Assistant Attorney General who issued the opinion in his case, and "John and/or Jane Doe" at EKCC. The complaint alleged violation of the ORA and Harrison's constitutional rights and a conspiracy related to the alleged violations. The complaint was date-stamped as filed on September 6, 2018.

The defendants filed a motion to dismiss the complaint, alleging that it was untimely filed. Harrison filed a response and the trial court thereafter entered an order granting the motion and dismissing the action. As grounds, the trial court agreed with the defendants that the complaint was untimely filed, and further held that it failed to state a claim upon which relief could be granted, citing Kentucky Rules of Civil Procedure (CR) 12.02(f), and that the action was malicious or harassing under KRS 454.405(1). Harrison filed a motion to reconsider and to file

an amended complaint. The motions were denied. This appeal by Harrison followed.

The pertinent provision of the ORA states that "[a] party shall have thirty (30) days from the day that the Attorney General renders his decision to appeal the decision." KRS 61.880(5)(a). "[I]f a Circuit Court action is not filed within the thirty-day limitations period, the Attorney General's decision becomes binding on the parties and enforceable in court." *City of Fort Thomas v. Cincinnati Enquirer*, 406 S.W.3d 842, 848 (Ky. 2013). Harrison's appeal was date-stamped as filed on September 6, 2018, more than thirty days after July 24, 2018, the date the OAG's opinion was rendered.

According to Harrison, his complaint was timely because he mailed it to the trial court on August 21, 2018. The trial court found that there was no proof that Harrison had mailed it on that date. The court calculated the time using the earliest filing date of September 6, 2018, which was clearly beyond the statutory period.

Harrison claims he gave his complaint to prison staff for mailing on August 21, 2018, along with an Inmate Money Transfer to pay for postage. He argues that his certificate of service is sufficient proof that he filed his complaint on time. As additional proof, he has appended to his brief a copy of what purports to be the Inmate Money Transfer given to the prison mailroom personnel. The

copy of the Inmate Money Transfer cannot be considered here because there is no indication that he submitted the document to the trial court for its consideration. "A new theory of error cannot be raised for the first time on appeal." *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999). In any event, the proof of the money transfer does not affect the outcome of this appeal because there is no "prison mailbox rule" for civil pleadings.

In *Willis v. Willis*, a prison inmate filed a notice of appeal from an order dismissing his petition for dissolution of marriage. 361 S.W.3d 341 (Ky. App. 2012). The notice was untimely tendered, but the inmate claimed he "filed" it when he gave it to prison personnel for mailing. *Id.* Recognizing that "incarcerated appellants should be entitled to some 'saving' mechanism that provides some leniency in applying the strict filing requirements for notices of appeal[,]" the Kentucky Supreme Court adopted the "prison mailbox rule," Kentucky Rules of Criminal Procedure (RCr) 12.04(5), which states: "'If an inmate files a notice of appeal *in a criminal case*, the notice shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid.' (Emphasis added)." *Id.* at 343-44. The Kentucky Supreme Court chose not to adopt a corresponding civil rule. *Id.* at 343; *Gray v. Dep't. of Corrections*, 606 S.W.3d 645, 648 (Ky. App. 2020). Thus, the fact that

Harrison signed the certificate of service or that he tendered a money transfer on a particular date is of no avail. The trial court correctly dismissed the complaint as untimely filed.

Next, Harrison contends that even if the portion of his complaint which challenged the OAG's decision was time-barred, the complaint contained other independent claims alleging statutory and regulatory violations; as well as the tort of outrage, which were not time-barred. The complaint alleged violations of the ORA, and complicity and/or conspiracy by the defendants to violate the ORA and "committing other acts" to deprive him of his vested constitutional rights. Specifically, he claims that KSP personnel committed fraudulent acts in delaying his obtaining funds for copies of the requested documents and in delaying the production of the documents.

In deciding whether to grant a motion to dismiss pursuant to CR 12.02(f) for failure to state a claim, the court is required to consider whether the pleading party would be "entitled to relief under any set of facts which could be proved in support of his claim. In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002) (quotations and footnote omitted).

Even if we assume the facts Harrison alleges could be proven, he failed to allege any substantive injury stemming from the alleged plot by the defendants to delay the production of the documents and violate his constitutional rights. The situation is similar to that in another case brought by Harrison, in which he made ORA requests for medical records which were denied because he used the wrong form. *Harrison v. Weicht*, No. 2019-CA-1664-MR, 2021 WL 69312 (Ky. App. Jan. 8, 2021). The decision was upheld by the OAG. Harrison thereafter filed an appeal which was dismissed by the Franklin Circuit Court as untimely. A panel of this Court affirmed on that basis, and further stated: "What this Court finds most perplexing about this appeal . . . is the fact that noticeably absent from this record is evidence that appellant suffered any injury. There has never been a denial of his records request on the merits – appellant was simply instructed to utilize the requisite form in making his request. . . . [U]ntil such time as appellant makes a proper request for his records and that request is substantively denied, he has suffered no injury which a court can redress." *Id*. at *3.

The same reasoning applies to the case before us. Harrison's request for the documents was never substantively denied and he has failed to allege any injury stemming from the delay in producing the documents which a court can redress. Specifically, in regard to his claim for the tort of outrage, KRS 454.405(5) provides that "[n]o inmate may maintain a civil action for monetary damages in

any state court for mental or emotional injury without a prior showing of physical injury." Harrison has made no such showing.

Finally, Harrison argues that the trial court erred in not allowing him to amend his complaint because he filed it before the defendants filed a responsive pleading. The record indicates that Harrison filed his complaint on September 6, 2018. The defendants filed a motion to dismiss to which Harrison responded on November 5, 2018. On January 27, 2020, a notice to dismiss for lack of prosecution was entered. Harrison filed a motion for a discovery deadline and a verified motion and affidavit in compliance to the court's notice to show cause in opposition to dismiss. The trial court ordered the case to remain on the docket and ordered the defendants to refile the motion to dismiss. The order also noted that no answer by any defendant was in the record and if such an answer had been filed, for defense counsel to file a copy. The defendants on March 30, 2020, filed a copy of the motion to dismiss which indicates it was originally filed on October 23, 2018. The defendants never filed an answer to the complaint. The trial court granted the motion to dismiss on April 22, 2020. Harrison filed his amended complaint on May 7, 2020, more than ten days after the entry of the order of dismissal.

Harrison argues that the motion to amend his complaint should have been granted because he had the right to do so under CR 15.01 before a responsive

pleading was filed. "CR 15.01 provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. This may be done without a court order. A motion to dismiss is not a responsive pleading." *Kentucky Lake Vacation Land, Inc. v. State Property and Bldgs. Commission*, 333 S.W.2d 779, 781 (Ky. 1960) (citation omitted). But an amended complaint must be filed before the trial court loses jurisdiction. "We think it is obvious that this Rule [CR 15.01] applies only to amendments offered during the pendency of the action. Certainly it was not intended to apply in situations where, by the lapse of a period of 10 days after judgment, the court has lost control of the judgment." *James v. Hillerich & Bradsby Co.*, 299 S.W.2d 92, 94 (Ky. 1956). Thus, the trial court was without jurisdiction to allow the amended complaint. Harrison had over a year after his complaint was filed to file an amended complaint; his reply filed in November 2018 indicates he was fully aware of the grounds upon which the defendants were seeking dismissal. Harrison was afforded ample opportunity to file an amended complaint yet did not do so until after the motion to dismiss was granted and ten days had elapsed.

For the foregoing reasons, the Lyon Circuit Court's order of dismissal is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:      BRIEF FOR APPELLEES:

James Harrison, *pro se*      Angela T. Dunham
Central City, Kentucky      Frankfort, Kentucky