RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1367-MR

JASON IMHOLT                                                      APPELLANT

v.          APPEAL FROM BOONE CIRCUIT COURT
HONORABLE JENNIFER R. DUSING, JUDGE
ACTION NO. 20-D-00291-001

HALEY HOTCHKISS                                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Jason Imholt appeals from the Boone Family Court's

October 24, 2022 order sentencing him to 180 days in jail with no work release,

bond, or home incarceration due to what it determined was his contempt of a prior

Interpersonal Protection Order ("IPO").  Upon review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We will only set forth the facts most relevant to our disposition of this appeal. On October 8, 2020, appellee Haley Hotchkiss filed a petition in Boone Family Court for an IPO against Imholt, her former boyfriend, alleging that since January of that year Imholt had subjected her to:

- Sexual harassment
- Harassing text messages/posts
- Making fake profiles/using other profiles to contact me
- Stalking my work, my car, my friends
- Threatening my family/friends/me
- Posting/distributing explicit content of me without my consent
- He has shot at my car after/during leaving his house (driveway)

The family court held a hearing on Hotchkiss's petition on October 19, 2020; all parties were present; and afterward, that same day, it granted Hotchkiss's request for an IPO against Imholt. In its order to that effect, the family court summarized the evidence and found Hotchkiss sufficiently proved that "acts of stalking occurred and may occur again." It consequently prohibited Imholt, for the next three years, from any contact or communication with Hotchkiss; from committing further acts of abuse or threats of abuse, stalking, or sexual assault against her; and from being within 500 feet of her or her residence. Imholt did not seek review of the family court's decision to enter the IPO.

Sixteen months later, on February 10, 2022, Hotchkiss filed an affidavit with the family court detailing several violations of the IPO that Imholt had allegedly committed since it was entered. Prompted by Hotchkiss's affidavit, the family court directed Imholt to show cause why he should not be held in contempt. At the ensuing show cause hearing, held in April of that year, Imholt admitted to violating and to being in contempt of the IPO. Pursuant to an agreement reached with Imholt, the family court entered an order sentencing him to 180 days of incarceration at the Boone County Jail with no work release, bond, or home incarceration, but it suspended his sentence and directed it to be discharged upon the condition that he commit no further violations of the IPO through October 19, 2023. Additionally, the family court's April 8, 2022 contempt order required Imholt to "delete all photos of [Hotchkiss] off any device in his possession." Again, Imholt did not seek review of this order.

On September 1, 2022, Hotchkiss filed another affidavit with the family court, stating in relevant part:

> Jason Imholt was ordered not to have any further violations and was ordered to delete all photos of me off any devices in his possession. Subsequent to the entry of the Order, Jason Imholt posted completely inappropriate photos of me in direct violation of the Court's IPO and the Court's Order of April 8, 2022. Jason Imholt has also not ceased making fake accounts [on social media], harassing my friends and family and contacting me through these accounts.

Considering Hotchkiss's affidavit, the family court once again directed Imholt to show cause why he should not be held in contempt. It held a show cause hearing on October 24, 2022. Hotchkiss was present, but Imholt – who was undisputedly in the courthouse shortly beforehand – did not attend,[1] and his counsel represented him in his absence. Based on the evidence adduced, the family court entered an order that day finding Imholt to be in contempt of the IPO and the terms of his conditional discharge; and, in conformity with the prior agreed order of April 8, 2022, it sentenced Imholt to 180 days in jail with no work release, bond, or home incarceration. This appeal followed.

## ANALYSIS

We note at the onset that Hotchkiss did not file an appellee brief. As stated in Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3):

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

---

[1] As indicated in the family court's order, Hotchkiss testified that upon seeing her in the hallway outside the courtroom shortly before the October 24, 2022 hearing, Imholt "gave her the finger" and left the building. Immediately after the hearing, in light of its disposition of this matter, the family court issued a bench warrant for Imholt's arrest.

*See also* former Kentucky Rule of Civil Procedure ("CR") 76.12(8)(c).[2]

However, this Court also has the discretion to not impose any of the sanctions listed in RAP 31(H)(3). *See Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007) (declining options in CR 76.12(8)(c)). We decline to impose any of those sanctions here.

Turning to the substance of this appeal, Imholt's singular argument is that the IPO the family court entered against him on October 19, 2020, was legally erroneous because it was not supported by sufficient findings or substantial evidence. He also acknowledges that he never raised this argument below but nevertheless urges this Court to review it under the standard of Kentucky Rule of Criminal Procedure ("RCr") 10.26, which provides:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

However, the same kind of argument – offered under roughly the same circumstances and in the analogous context of a contested domestic violence

---

[2] RAP 31(H)(3) was not effective until January 1, 2023. CR 76.12(8)(c) was effective when Imholt filed the instant appeal in November 2022, but the two rules are substantially similar.

order (DVO)[3] – was presented and rejected in *Stinson v. Stinson*, 381 S.W.3d 333

(Ky. App. 2012). We reject Imholt's argument for the same reasons.

To borrow from and paraphrase our rationale in *Stinson*, 381 S.W.3d

at 336,

> [T]his is not an issue of failing to preserve an issue in an otherwise proper appeal. Rather, [Imholt] failed to appeal from the entry of the original [IPO] in 20[20] when he had the opportunity to do so.
>
> Our rules of procedure specifically and clearly provide that a notice of appeal must be filed within thirty days after notation of service of the judgment or order. CR 73.02(1)(a).[4] "Compliance with the time requirements of CR 73.02 is mandatory[.]" *United Tobacco Warehouse, Inc. v. Southern States Frankfort Co-op., Inc.*, 737 S.W.2d 708, 710 (Ky. App. 1987).
>
> . . .
>
> Here, [Imholt] did not attempt to contest the propriety of the original [IPO] until he filed the present appeal in [November 2022], close to two years after the entry of the [IPO] in October 20[20]. Because he did not timely appeal from the original [IPO], [Imholt] is precluded from contesting the propriety of the original [IPO] in the present appeal. We shall decline to address this issue any further.

---

[3] *See Smith v. Doe*, 627 S.W.3d 903, 908 (Ky. 2021) (noting the statutes governing IPO and DVO proceedings are interpreted similarly).

[4] CR 73.02 was operative when Imholt filed the instant appeal, but our current appellate rules retain the requirement that a party has thirty days to file an appeal from a trial court judgment. *See* RAP 3(A)(1).

-6-

The only order Imholt timely appealed from was the family court's October 24, 2022 order. As indicated, however, Imholt's only strategy was to launch an improper collateral attack against the original IPO entered in 2020. Imholt does not challenge the merits of the family court's October 24, 2022 order or otherwise address it. And we have no obligation to do so on his behalf. "It is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Without any citation of supporting authority, or even argument about alleged error in the October 24, 2022 order, any error that could have been raised in this regard has been waived. *See id.* ("Our courts have established that an alleged error may be deemed waived where an appellant fails to cite any authority in support of the issues and arguments advanced on appeal. [W]ithout any argument or citation of authorities, [an appellate c]ourt has little or no indication of why the assignment represents an error.") (internal quotation marks and citations omitted).

In short, Imholt's sole appellate argument – which relates to the merits of the family court's October 19, 2020 IPO – is time-barred. Imholt's present appeal from the October 24, 2022 order fails because he has offered no argument in opposition to that order.

## CONCLUSION

For the reasons set forth above, we AFFIRM.

ALL CONCUR.


BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Jennifer Wade
Frankfort, Kentucky