The ELECTRIC PLANT BOARD OF the CITY OF HICKMAN, Kentucky, Appellant,

v.

HICKMAN–FULTON COUNTIES RURAL ELECTRIC COOPERATIVE CORPORATION, Appellee.

Court of Appeals of Kentucky.

March 31, 1978.

Hal Warren, Warren & Warren, Fulton, for appellant.

Stephen R. Schmidt, Brown, Todd & Heyburn, Louisville, James H. Amberg, Hickman, for appellee.

Before MARTIN, C. J., and HOWERTON, and WINTERSHEIMER, JJ.

MARTIN, Chief Judge.

This is an appeal from an order of the Fulton Circuit Court overruling appellant's motion pursuant to CR 60.02 to set aside the court's May 3, 1977, judgment. The issue presented by this appeal is whether the trial court erred in refusing to either set aside the judgment or to instruct the circuit court clerk to notify the parties of the entry of judgment pursuant to CR 77.-04(2).

On April 12, 1977, the circuit judge informed the parties by letter that he had reached a decision in their case. He left it up to the attorneys as to who would draft a judgment. As counsel for the appellant, James H. Warren, was to be out of the country until April 22, 1977, his law partner, Hal Warren, wrote to appellee's attorney, James Amberg, and requested that Mr. Amberg draw up the judgment and submit it to James H. Warren for his approval upon his return to the United States. However, it appears that Mr. Amberg submitted the judgment to the circuit judge and secured his signature on April 30, 1977, without first receiving the approval of Mr. Warren. The judgment was then entered on May 3, 1977, but as notice of the entry of the judgment was not sent, neither appellant nor its counsel learned of the judgment until June 9, 1977. At that time, Hal Warren asked for and received an attested copy of the judgment and notified James H. Warren of the entry of the judgment. On this same date, the Fulton Circuit Court Clerk's Office made a notation on the docket sheet that James Warren had received a copy of the judgment. On June 15, 1977, appellant filed its motion to set aside the judgment. The court heard the motion on June 24, 1977, and entered its order overruling the motion on August 29, 1977.

The appellant argues that under CR 77.-04(2) the date of the notation of service of notice of entry is the date to be used in computing the time for appeal pursuant to CR 73.02(1). It contends that since the circuit court clerk never notified the appellant of the entry of judgment, the time for taking the appeal has not yet begun to run, and therefore, the trial court should have either set aside the May 3, 1977, judgment and reentered it so as to enable the appellant to take an appeal, or it should have instructed the circuit clerk to notify the appellant of the entry of the May 3, 1977, judgment. In the alternative, the appellant claims that the actions of appellee's attorney in unilaterally obtaining the signature of the circuit judge, and in failing to notify opposing counsel of the entry of judgment, as is the custom in Fulton Circuit Court, constitute grounds "of an extraordinary nature justifying relief" pursuant to CR 60.-02(6).

It is the opinion of this Court that the appellant chose the wrong remedy in moving to set aside the judgment. Instead, the appellant should have filed a notice of appeal to the May 3, 1977, judgment within twenty (20) days of the date the Fulton Circuit Court Clerk's Office noted on the docket that counsel for the appellant had received an attested copy of the judgment. Because it chose instead to move to set aside the judgment, we believe the appellant allowed its time to file a notice of appeal to expire, and thus lost its right to appeal the May 3, 1977, judgment.

CR 77.04(2) provides that the time for taking an appeal does not begin to run until the date of the clerk's notation on the docket of the service of notice of entry of judgment. Here, the time began to run on June 9, 1977, when the Fulton Circuit Court Clerk's Office made a notation on the docket that counsel for appellant had been given an attested copy of the judgment. The fact that the clerk's office did not serve a formal notice of entry on the appellant, in accordance with CR 77.04(1), did not suspend the

running of time for filing a notice of appeal because, as CR 77.04(4) makes clear, the failure to serve such a notice or the failure of a party to receive the notice does not affect the time for taking an appeal. As Commissioner Clay has said: "The notation is the significant act, and as provided in Section (4) of this Rule . . . actual service of the notice is not controlling." 7 W. Clay, *Kentucky Practice*, CR 77.04, Comment 5 (3rd ed. 1974). However, even if actual notice were required, we believe that since the attested copy of the judgment given to Hal Warren and delivered to James H. Warren reflected the entry date of May 3, 1977, the appellant was given sufficient notice that the judgment had been entered.

■ The appellant's alternative argument that the actions of appellee's counsel are grounds for relief under CR 60.02(6) is unavailing for two reasons. First of all, as demonstrated in our preceding discussion, a motion under CR 60.02 is not the proper remedy in this situation. It appears that appellant's primary concern is that the actions of Mr. Amberg deprived it of the right of appeal. However, as the time for taking the appeal did not begin to run until the day the appellant learned of the entry of judgment, appellant still had the full twenty (20) days to file a notice of appeal. Thus, there was no need to move the court to set aside the judgment in order to preserve the right of appeal. Secondly, while Mr. Amberg's actions appear contrary to the custom of the Fulton Circuit Court, and are not condoned by this Court, we believe that since the appellant's interests were amply protected by the provisions of CR 77.04(2), Mr. Amberg's actions do not constitute grounds for relief under CR 60.02(6).

The judgment is affirmed.