Mable ARNETT and Arthur
Kennard, Movants,

v.

Maude KENNARD, Respondent.

Supreme Court of Kentucky.

April 10, 1979.

Robert J. Greene, Paintsville, for movants.

Scott Collins, Prestonsburg, for respondent.

PALMORE, Chief Justice.

■ This is a boundary dispute in which the movants brought suit against the respondent to quiet their title. The principal question to be decided by this court is whether CR 6.05, which adds three days to the time in which a party may or must act when he has been served by mail, applies to the 10-day limit prescribed by CR 59.05 for motions to amend or vacate a judgment. The answer is "No."

The salient procedural events were as follows:

| | |
|---|---|
| January 29, 1974 | Judgment entered for movants. |
| February 5, 1974 | Respondent served motion to amend judgment and reopen proceedings for further evidence. |
| February 25, 1974 | Motion granted. |
| October 11, 1974 | Judgment entered for respondent. Respondent served motion to substitute personal representative for deceased plaintiff. Respondent served motion for leave to file amended answer and counterclaim. |
| October 14, 1974 | Respondent served memorandum brief on merits. |
| December 14, 1974 | Respondent served motion to set aside judgment of October 11, 1974, as having been entered by error. In this motion respondent said that the October 11 judgment had been retyped and altered, was different from the one he had tendered, and did not settle the dispute between the parties, and that respondent's counsel had not discovered the variation until December 6, 1974. |
| February 27, 1975 | New judgment entered in favor of respondent. |
| February 28, 1975 | Movants served motion to vacate judgment and to enter judgment for movants. |
| December 23, 1975 | New judgment entered, this time in favor of movants. |
| January 5, 1976 | Respondent served motion to set aside or alter judgment of December 23, 1975. |
| November 18, 1976 | Respondent served renewed motion to set aside judgment of December 23, 1975, supported by affidavit of counsel that delay in mailing motion of January 5, 1976, resulted from excusable neglect, in that the motion had been prepared and was ready to be mailed on January 2, 1976, but for some inexplicable reason did not go out with the mail and was discovered still in counsel's office on January 5, 1976. |
| August 30, 1977 | New judgment entered by special judge, this time in favor of respondent. |
| September 6, 1979 | Movants appealed. |

■ In both the circuit court and the Court of Appeals respondent successfully argued that CR 6.05 gave her three additional days to file a motion to vacate, despite the requirement of CR 59.05 that the motion be served "not later than 10 days after entry of the final judgment." Respondent claims she is entitled to invoke the benefit of CR 6.05 because under CR 77.-04(1) the clerk is required to serve notice of entry of the judgment on every party *by mail.* We reject this theory.

We have consistently held that CR 59 motions served 13 days after entry of judgment are not timely. *Ford Motor Credit Co. v. Swarens,* Ky., 447 S.W.2d 53, 55 (1969); *Coca-Cola Bottling Works, Inc. v. Hazard Coca-Cola Bottling Works, Inc.,* Ky., 450 S.W.2d 515, 519 (1970). Under CR 59.05 the 10-day period runs from the date of *entry* of the judgment on the docket by the clerk, whereas CR 6.05 applies only to periods measured from date of *service.* The imperative nature of CR 59.05 is exemplified by its specific exclusion from the enlargement provision of CR 6.02. It might be observed also that if the clerk had failed to serve any notice whatever of the entry, the judgment would nevertheless have been effective and the time for taking an appeal would not have been affected by the omission of notice. CR 77.04(4). Respondent surely can be in no better position by having received such notice.

Respondent argues, however, that by virtue of the same principle the judgment of October 11, 1974, must still be in effect, because there was no motion to amend or vacate it within 10 days following its entry, hence the trial court had no jurisdiction to enter any of the subsequent judgments. Perhaps this would be true if we were speaking of true "jurisdiction," in the sense of the raw power of a court to enter a legally enforceable order, but the status of a judgment that has not been attacked within 10 days after its entry, even though it be entirely valid and enforceable, is not "final" in a truly jurisdictional context. If it were, the reopening provision of CR 60.02 could not have any validity. "Applied to questions of time, it [jurisdiction] is a convenient label to mark a requirement as ultra-mandatory." *Commonwealth v. Berryman,* Ky., 363 S.W.2d 525, 526 (1963).

Having been the moving party in bringing about the amendment or setting aside of the October 11, 1974, judgment, respondent is not in a favorable position to claim now that the court did not have the right to do it. It seems to be generally accepted that one who procures the entry of a judgment is estopped to question its validity. 28 Am.Jur.2d *Estoppel and Waiver,* Sec. 73. Moreover, it will be recalled that her motion represented, among other things, that the judgment did not settle the dispute between the parties. If we are to accept this representation at its word, it must not have been a final judgment anyway.

Yet another argument is that respondent's tardy motion to set aside the judgment of December 23, 1975, should be treated as a CR 60.02 motion stating grounds sufficient to justify relief. That cannot be done, for the simple reason that the inexplicable failure to see that the CR 59.05 motion was put into the mails promptly after it had been prepared and signed does not constitute excusable neglect or "any other reason of an extraordinary nature justifying relief."

The decision of the Court of Appeals and the judgment of the circuit court are re-versed, and the case is remanded to the circuit court with directions to reinstate the judgment of December 23, 1975.

All concur.