George STEWART, Appellant,

v.

KENTUCKY LOTTERY CORPORATION, Appellee.

No. 1996–CA–002032–MR

Court of Appeals of Kentucky.

May 29, 1998.

Discretionary Review Denied Jan. 13, 1999.

Case Ordered Published by Supreme Court Jan. 13, 1999.

Ann B. Oldfather, James O. Barrett, Louisville, for Appellant.

Richard M. Sullivan, Richard B. Taylor, Louisville, for Appellee.

Before GUDGEL, Chief Judge, GARDNER and SCHRODER, Judges.

GUDGEL, Chief Judge.

This is a single appeal from two final and appealable orders entered by the Jefferson Circuit Court which granted a summary judgment and dismissed the complaint of appellant, George Stewart, against appellee, Kentucky Lottery Corporation, and denied CR 60.01 and CR 60.02 motions. Appellant contends that the court erred by granting appellee a summary judgment on the ground that his action is barred by limitations and by denying his CR 60.01 and CR 60.02 motion to enter a nunc pro tunc order correcting the record as regards the date upon which he received notice of entry of the order denying his motion to reconsider the order granting summary judgment. For the reasons stated hereafter, we are constrained to grant appellee's pending motion to dismiss this appeal as untimely which was passed to this panel for a ruling.

Appellant filed this action for damages against appellee alleging that he was wrongfully discharged from employment. Appellee filed a motion for summary judgment claiming that the action was barred by the ninety-day limitations period set forth in KRS 61.103(2), the whistle-blower protection statute. The circuit court granted appellee's motion and ordered the action dismissed. Appellant filed a timely "Motion for Reconsideration" within ten days of the entry of the summary judgment.[1] The court apparently denied the motion without a hearing on April 9. On April 11, 1996, the clerk noted entry of the order in the docket and pursuant to CR 77.04(1) stated that notice of the entry of the order was served by mail. It is uncontroverted, however, that neither party received a copy of the order denying the motion to reconsider even though the entry of that order served to trigger the running of the time for taking an appeal from the summary judgment.

On May 29, 1996, appellant notified the Administrative Office of the Courts, pursuant to RCR 1.050(8), that a motion for reconsideration had been submitted for decision in April. Upon receipt of the form, the court initialed it and indicated that the motion for reconsideration was ruled upon on April 9. On July 2, 1996, appellant filed a CR 60.01 and CR 60.02 motion seeking entry of a Nunc pro tun order reflecting a new date of entry regarding the order denying the motion to reconsider. Appellant claimed that the clerk had failed to mail counsel notice of entry of the order denying the motion to reconsider and that the first notice received occurred after the AOC notice of submission form was filed. Appellant also urged that the clerk's "electronic" docket sheet in which the entries were made was not a docket sheet which meets the requirements of CR 79.01. The court denied appellant's motion. This single appeal from both the summary judgment and the order denying the CR 60.01 and CR 60.02 motion followed.

Appellee filed a motion to dismiss this appeal on the ground that appellant's notice of appeal was untimely filed. A panel of this

---

1. Although the civil rules do not provide for the filing of a motion to reconsider an order granting a summary judgment, appellant's motion was essentially a CR 59 motion to alter, amend, or vacate the summary judgment and has been treated as such. Because the motion was timely filed, it served to stay the time for filing a notice of appeal respecting the summary judgment, CR 73.02(1)(2), until the date the clerk noted service of notice of entry of the order denying the motion in the docket sheet. CR 77.04(2); CR 77.04(3).

court passed the motion to the panel assigned to consider the merits of the appeal.

■ Appellant concedes that entry of the order denying the motion to reconsider was noted in the clerk's docket on April 11, and hence, that the time for taking an appeal from the summary judgment began to run on that date. He urges instead that since neither party received notice of entry of the order denying the motion to reconsider, his appeal should not be dismissed. Moreover, he argues that the clerk's electronic docket sheet does not comply with the requirements of the civil rules. We are constrained to disagree with both contentions.

True enough, apparently neither party received notice of entry of the order denying the motion to reconsider. Nevertheless, CR 77.04(4) plainly states that the clerk's failure to serve notice or a party's failure to receive notice does not affect the time for taking an appeal. The rule further provides that a trial court is not authorized to grant an extension of time for filing a notice of appeal for any period beyond ten days past the expiration for the time for taking an appeal. *Brown v. Harris*, Ky., 321 S.W.2d 781 (1959). Our courts have consistently enforced the harsh dictates of CR 77.04(4). *See, e.g., Demos v. Commonwealth*, Ky.App., 765 S.W.2d 30 (1989); *Arnett v. Kennard*, Ky., 580 S.W.2d 495 (1979); *Electric Plant Board of City of Hickman v. Hickman–Fulton Counties Rural Electric Cooperative Corp.*, Ky.App., 564 S.W.2d 845 (1978). The reason for the rule is well stated in 7 Kurt A. Phillips, Jr., *Kentucky Practice*, CR 77.04 (5th ed.1995) as follows:

> This Rule is somewhat unusual in that, after carefully providing methods for the giving of notice of judgments and orders, it denies a party the right to rely on the actual giving or receiving of this notice insofar as it affects either (1) the validity of the judgment or order, or (2) the running of the time within which an appeal may be taken. This simply recognizes that otherwise endless problems would continually arise concerning the giving or receipt of notice which might impair the effectiveness or cloud the finality of judgments and orders. (Footnote omitted.)

We are not unsympathetic to appellant's plight stemming from his not receiving notice of entry of the order which triggered the running of the time for taking an appeal or to the inherent unfairness of the rule in such a situation. Nevertheless, CR 77.04(4) permits but one interpretation and has been consistently applied in conformity with that interpretation both by this court and by the Supreme Court. To refuse to apply the rule in the instant action, therefore, would ignore the plain meaning of the rule and existing precedent which we are required to follow. This we decline to do because adopting an interpretation of the rule inconsistent with its plain meaning and existing precedent is a matter which addresses itself to the supreme court and not this court.

■ Likewise, we find no merit in appellant's contention that the docket notation in the clerk's electronic "Case History" does not comply with the requirements of CR 79.01 and CR 77.04(2). CR 79.01(1) requires the clerk to maintain a "docket," and does not specify that the docket be in hard copy paper form as distinguished from an electronic form. Moreover, CR 1(2) provides that regulations and manuals published by the Administrative Office of the Courts (AOC) with the approval of the Supreme Court relating to matters of internal policy and administration shall have the same effect as if they were incorporated into the civil rules. Thus, for all purposes relating to the methods of preparing and maintaining clerks' docket sheets as required by CR 79.01, the AOC manual governing the preparation of clerks' docket sheets through the use of the computerized "sustain" system is considered part of the civil rules because such procedures clearly pertain to internal policy and administration in the clerks' offices. We hold, therefore, that the clerk's electronic computerized "Case History" or docket sheet satisfies the requirements of CR 79.01 and the docket notations were sufficient under CR 77.04 to trigger the running of time for filing a notice of appeal.

■ Next, appellant contends that his constitutional right to appeal should not be taken away since both parties were unaware of

the entry of the order denying the motion to reconsider. We disagree.

■ The timely filing of a notice of appeal is not jurisdictional, but rather is a matter of procedure. *Johnson v. Smith*, Ky., 885 S.W.2d 944 (1994). Nevertheless, the supreme court squarely held in *Johnson* that the timely filing of a notice of appeal in compliance with CR 73.02 is the method by which the jurisdiction of the appellate court is invoked and that automatic dismissal of an appeal is the penalty for late filing of such a notice. 885 S.W.2d at 950. The substantial compliance doctrine simply does not apply to notices of appeal. Therefore, we are powerless to somehow excuse appellant's failure to comply with the rule regardless of whether he received notice of entry of the order denying his motion for reconsideration. It follows that the circuit court did not err by denying appellant's CR 60.01 and CR 60.02 motion seeking to correct the record by changing the controlling dates noted in the clerk's docket. *See United Bonding Ins. Co., Don Rigazio, Agent v. Commonwealth*, Ky., 461 S.W.2d 535 (1970).

■ Finally, appellant contends for the first time in his reply brief that the summary judgment was not final and appealable because his claim for severance pay was not adjudicated therein. We disagree.

Appellant's complaint clearly included a claim for severance pay and the summary judgment unquestionably dismissed appellant's complaint in its entirety. Moreover, no argument was made in the trial court that a summary judgment was inappropriate as regards the severance pay claim in either the motion for reconsideration or in the CR 60.01 and CR 60.02 motions. Thus, we conclude, contrary to appellant's contention, that the summary judgment adjudicated all of appellant's claims and was final and appealable.

For the reasons stated, this single appeal from two separate, final and appealable orders is hereby ORDERED dismissed.

All concur.