Michael KURTSINGER,
et al., Appellants,

v.

BOARD OF TRUSTEES OF KEN-
TUCKY RETIREMENT SYS-
TEMS, et al., Appellees.

No. 2001–SC–0261–DG.

Supreme Court of Kentucky.

Nov. 21, 2002.

Herbert L. Segal, Everett C. Hoffman, Segal Stewart Cutler Lindsay Janes & Berry, PLLC, Louisville, Counsel for Appellants.

Robert W. Kellerman, Lee A. Webb, Stoll, Keenon & Park, LLP, J. Eric Wampler, James Dodrill, Kentucky Retirement Systems, Frankfort, Todd S. Page, Stoll, Keenon & Park, LLP, Lexington, Counsel for Appellees.

LAMBERT, Chief Justice.

The trial court entered an order denying Appellants' CR 59.05 motion, but Appellants and Intervening Appellees did not receive notice of entry of that order. Pursuant to CR 60.02, the trial court vacated the order and thereafter entered a new order. Appellants appealed to the Court of Appeals based on time computation from the last order. The Court of Appeals held that the trial court abused its discretion under CR 60.02 when it vacated the previous order. The question here is whether a trial court may vacate a CR 59.05 order under CR 60.02 upon a finding that a party did not receive notice of entry of the order.

Thirteen weeks following oral argument on the motion, the trial court entered summary judgment in favor of Appellees. Appellants timely filed a motion to alter, amend or vacate the summary judgment pursuant to CR 59.05. This motion was denied on June 29, 2000 and notice of entry of the order was sent to Appellees but not to Appellants. Appellants became aware of the June 29 order on August 15, 2000 when a telephone call was made by counsel to check the status of the CR 59.05 motion. On learning of the June 29 order Appellants immediately filed a motion pursuant to CR 60.02 requesting the trial court to vacate the June 29 order and enter a new order ruling on their CR 59.05 motion.

On August 23, 2000, the trial court held a hearing on Appellants' motion pursuant to CR 60.02 and granted the motion. The trial judge stated that his office had made a mistake by not including the Appellants or the Intervening Appellees on the distribution list of the June 29 order.[1] The motion was granted on grounds of "mistake, inadvertence, excusable neglect and reasons of an extraordinary nature justifying relief" and upon a finding that Appellants "acted with due diligence and acted promptly." The trial court vacated the June 29, 2000 order. The trial court then entered a new order denying the CR 59.05 motion. On August 29, 2000, Appellants filed a notice of appeal from the summary judgment that had become final by virtue of the order denying the CR 59.05 motion.[2]

On January 19, 2001, the Court of Appeals granted Appellees' motion to dismiss the appeal. The Court of Appeals dis-

---

1. The trial judge commented as follows:
 I am going to grant [the Appellants' CR 60.02 motion]. It is our mistake. This is not a situation where there's at least an argument that it went out to them and they are saying that they did not receive it or something like that. I looked at the order after they filed this and this was typed in our office and the distribution was not put on it to them. So I know it did not go to them and I don't think it would be fair to hold them at this point in time. Justice requires a little bit more than that.

2. The CR 59.05 motion order that finalized the summary judgment decision was dated August 23, 2000.

missed on grounds that the trial court abused its discretion by granting the Appellants' motion pursuant to CR 60.02 and that Appellants failed to demonstrate "excusable neglect" as required by CR 60.02. The Court of Appeals also concluded that the language of CR 77.04(4)[3] mandated dismissal of the appeal based upon CR 73.02(1)(a).

 The rule upon which the trial court acted, CR 60.02, is a safety valve, error correcting device for trial courts. It applies in six enumerated situations: "(a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence . . .; (c) perjury or falsified evidence; (d) fraud affecting the proceedings . . .; (e) the judgment is void . . .; or (f) any other reason of an extraordinary nature justifying relief."[4] The rule is designed to allow trial courts a measure of flexibility to achieve just results and thereby "provides the trial court with extensive power to correct a judgment."[5] Accordingly, CR 60.02 addresses itself to the broad discretion of the trial court and for that reason, decisions rendered thereon are not disturbed unless the trial judge abused his/her discretion.[6] As to the applicability of CR 60.02 to the facts presented here we discern no abuse of trial court discretion. The trial judge clearly believed himself or his office staff (not Appellants) to have been culpable in the error that prevented Appellants from learning of entry of the June 29 order, and in our view, CR 60.02 was adopted for such circumstances.

 This case need not turn on appellate rights or CR 77.04. Instead, this is nothing more than a trial court vacating an order on the basis of mistake, inadvertence, or excusable neglect and there is no doubt that a trial court has authority pursuant to CR 60.02 to grant such relief. In the order granting relief under CR 60.02 the trial court did not extend the time for appeal contrary to CR 77.04, rather the trial court merely vacated its previous order. By vacating the order the trial court returned the case to the *status quo* prior to the ruling on the CR 59.05 motion. We could end this opinion here but the parties have debated the interplay between CR 60.02 and CR 77.04 and we deem it expedient to address their contentions.

This case reveals a latent conflict between CR 60.02 and CR 77.04. If CR 77.04 is applied literally, where appellate rights are implicated CR 60.02 is unavailable to trial courts. This would be so despite the absence of an express CR 60.02 exclusion in CR 77.04. CR 60.02 is a mistake correcting rule that allows the trial court broad discretion. We should not apply one rule in a manner that destroys another and eliminates its essential purpose. While this case arose out of a simple mistake, one could imagine outright fraud occurring in a manner that prevented a party from learning of entry of a judgment. Surely in such a circumstance, CR 77.04 would not be applied to prevent relief on egregious facts, but unless a harmony is possible between CR 77.04 and CR 60.02, such would be the result.

---

**3.** CR 77.04(4) reads in part:

Failure of the trial court to require service of notice of entry of any judgment or order under this rule or the failure of the clerk to serve such notice, or the failure of a party to receive notice, shall not affect the validity of the judgment or order, and does not affect the time to appeal or relieve or autho-

rize the court to relieve a party for failure to appeal within the time allowed. . . .

**4.** CR 60.02.

**5.** *Fortney et al. v. Mahan, et al.,* Ky., 302 S.W.2d 842, 843 (1957).

**6.** *Id.*

In *Potter v. Eli Lilly & Co.,*[7] the trial court suspected collusion on the part of the parties whereby a settlement had been reached prior to the return of a jury verdict. The trial court undertook an inquiry into the true facts and the parties sought a Writ of Prohibition. This Court allowed the trial court to reopen the case after judgment under the inherent authority of courts to see that their judgments are not tainted with deceit. The *Eli Lilly* Court agreed that "the courts have developed and fashioned [the equity rule] to fulfill a universally recognized need for correcting injustices."[8] Although, CR 60.02 was not utilized by the Court in *Eli Lilly,* the decision displays a belief that under the rules of equity courts have an inherent authority to correct mistakes and protect the integrity of the judicial process. Equity and fairness were the bases of that decision and it illustrates the importance of CR 60.02 in other contexts. In the present case, literal application of CR 77.04 would effectively make CR 60.02 nonexistent and would deprive courts of an important error correcting device and otherwise offend established equitable principles.

The Court of Appeals relied on *Stewart v. Kentucky Lottery Corp.*[9] where the issue was timeliness of filing a notice of appeal. In *Stewart,* on April 9, the trial court denied reconsideration of summary judgment. The clerk failed to serve notice of entry to either party but made the required docket entry, causing commencement of the time for taking an appeal. On May 26, the appellant notified the Administrative Office of the Courts (AOC) that in April a motion for reconsideration had

been submitted. The AOC responded that the motion had already been ruled upon in April. In an effort to preserve his appellate rights the appellant, on July 2, filed CR 60.01 and CR 60.02 motions seeking a *nunc pro tunc* order to correct the date of entry of the order denying reconsideration of the summary judgment. The trial court denied the CR 60.01 and CR 60.02 motions. The appellant subsequently filed a notice of appeal from the summary judgment but the Court of Appeals dismissed because the notice of appeal was not filed within the time required by CR 73.02. The significant difference between what transpired in *Stewart* and in this case is that here the trial court merely vacated the initial order denying the motion to alter, amend or vacate the summary judgment. The order vacating was accompanied by findings that the trial court or its staff was at fault for Appellants' failure to learn of entry of the order. The trial court did not attempt to change the date of entry of the order or extend the time for taking an appeal. While the ultimate effect may have been the same, the trial court merely utilized its authority under CR 60.02 to vacate an order in a manner that did not constitute an abuse of discretion.

■ Appellee has made an argument that CR 60.02 applies only to final judgments. However, the language and purpose of the rule suggests otherwise. CR 60.02 authorizes a court to grant relief from its "final judgment, order, or proceeding." "Final judgment" is defined in CR 54.01 as "a final order adjudicating all the rights of all the parties in an action or

---

7. Ky., 926 S.W.2d 449 (1996).

8. *Id.* at 453 (quoting *Hazel–Atlas Co. v. Hartford–Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)).

9. Ky.App., 986 S.W.2d 918 (1998).

proceeding." [10] CR 54.01 goes on to explain that when context so requires, "the term 'judgment' ... shall be construed as 'final judgment' or 'final order.'" [11] Nowhere do the rules explain what is meant by the CR 60.02 language "order, or proceeding." One could surmise that "order" as used in CR 60.02 means final order except that such a construction renders a portion of the CR 54.01 definition surplusage or inconsistent. Because "judgment" in CR 60.02 also means "final order" under CR 54.01, unless a separate meaning is ascribed to "order" or "proceeding" under CR 60.02, those terms are meaningless.

■ The June 29 order was not a final judgment.[12] It was an order overruling a motion to alter, amend or vacate a summary judgment, but it resulted in finality of the summary judgment. Since a judgment is not final so long as post judgment motions are available and time for making such a motion remains,[13] the language of 60.02 ("final judgment") contemplates not only final judgments, but necessarily as well orders that have the effect of making prior judgments final. The timely filing of a CR 59.05 motion postpones finality, and a ruling on the CR 59.05 motion is necessary to achieve finality.

The trial court determined that a CR 60.02 mistake had occurred whereby Appellants failed to learn of entry of the controlling order. It also found that Appellants "acted with due diligence and acted promptly" and that Appellees would not suffer prejudice. Upon these findings, the trial court acted within its broad discretion and granted Appellants' motion to vacate the June 29 order. The trial court did not

grant a motion to extend the time for appeal. Not until entry of the August 23 order finally overruling the motion to alter, amend or vacate the summary judgment did the time for taking an appeal commence. Accordingly, the appeal to the Court of Appeals was timely.

For these reasons, the opinion of the Court of Appeals is reversed and this cause remanded for further consistent proceedings.

COOPER, GRAVES, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents stating, "While the result reached by the Court of Appeals may be too harsh, CR 73.02 is very clear and contemplates what occurred in that court. Granting CR 60.02 relief would render CR 73.02 meaningless. Rather than changing the interpretation of the rule, we should consider changing the rule to prevent such a result in the future."

---

**10.** CR 54.01.

**11.** *Id.*

**12.** *Mingey et al. v. Cline Leasing Service, Inc.,* Ky., 707 S.W.2d 794 (1986) (citing *Cloverleaf Dairy v. Michels,* Ky.App., 636 S.W.2d 894

(1982) ( [A] ruling on a CR 59.05 motion is not a final or an appealable order.)).

**13.** *Bates v. Connelly,* Ky., 892 S.W.2d 586 (1995).