Gloria HOFFMAN (now Thomas), Appellant

v.

Everett Scott HOFFMAN, Appellee

NO. 2015-CA-001436-MR

Court of Appeals of Kentucky.

RENDERED: SEPTEMBER 2, 2016; 10:00 A.M.

BRIEFS FOR APPELLANT: Ruth Ann Cox Pence, Louisville, Kentucky

BRIEF FOR APPELLEE: Mary Janice Lintner, Louisville, Kentucky

BEFORE: D. LAMBERT, STUMBO AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

Gloria Hoffman (now Thomas) appeals from an order of the Jefferson Family Court denying her motion to alter, or amend or vacate an order reducing maintenance filed pursuant to Kentucky Rules of Civil Procedure (CR) 59.05 or, alternatively, CR 60.01 or CR 60.02. We conclude Gloria is entitled to relief under CR 60.02 based on the failure of the clerk to promptly mail the order reducing maintenance and reverse and remand.

Gloria and Everett Scott Hoffman were divorced in May 2006 and Gloria was awarded maintenance. Later, Everett sought to reduce the maintenance amount and accompanied his motion with an affidavit stating that Gloria paid in full the mortgages on her home and rental property and, therefore, there had been a substantial and continuing change in circumstances. Kentucky Revised Statutes (KRS) 403.250(1). On March 27, 2014, an order was entered reducing the maintenance award.

On April 17, 2014, Gloria filed a motion citing CR 59.05, CR 60.01 and CR 60.02. Recognizing her CR 59.05 motion was filed more than ten days after entry of the family court's order, Gloria alleged she did not receive the March 27, 2014 order until April 9, 2014.

The family court denied Gloria's motion. In doing so, the family court found that neither party received the March 27 order until April 9, 2014. Specifically, the family court found as follows:

Both parties, through their attorneys, aver that they did not receive the Order at issue until April 9, 2014, two days after the 'ten day rule' period ended and

twelve days after the Order was entered. The court has no reason to doubt that the attorneys are correct or to question their veracity as they are both lawyers of long standing respect in this Court.

Despite finding that no fault could be attributed to Gloria for the late filing of her CR 59.05 motion, the family court concluded it had no discretion to consider Gloria's motion stating: "While this Court is sympathetic to the parties and is not opposed, if the rules so allowed, to reconsider the matter, this Court lost jurisdiction and authority to alter its Order after April 6, 2014."

■ "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." CR 59.05. Although CR 59.05 does not set forth the grounds for the motion, in *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky.2005), our Supreme Court explained that one of the four grounds for the motion is that "the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." Therefore, Gloria's contention that the family court made a manifest error of fact concerning the payment of the mortgages sufficiently stated grounds for relief. The question is whether the failure to timely file the CR 59.05 motion precluded the family court from considering its merit.

Gloria contends the family court had authority to consider her argument that her CR 59.05 motion was timely under the equitable tolling doctrine as espoused in *Nanny v. Smith*, 260 S.W.3d 815 (Ky.2008). In *Nanny*, our Supreme Court considered whether equitable tolling should apply when a complaint was timely filed, but because the clerk did not promptly act, the summons was issued outside the statute of limitations. It concluded that equita-

ble tolling applied and the complaint was deemed timely filed. "Because Nanny had neither the power nor the duty to ensure that the clerk perform official duties, she was prevented by circumstances beyond her control from having the summons issued in time." *Id.* at 817.

We agree with Gloria that the family court retained jurisdiction to consider her argument. Providing a detailed analysis, in *Commonwealth v. Steadman*, 411 S.W.3d 717, 721 (Ky.2013), the Court explained that any reference in prior opinions that CR 59.05 pertains to subject matter jurisdiction was inaccurate. After the ten-day period, the trial court retains subject matter jurisdiction and the only question is the court's power to affect its own judgement which is a matter of particular-case jurisdiction. *Id.* at 722. "Such questions go more accurately to the propriety of the exercise of jurisdiction rather than to the *existence* of jurisdiction." *Id.* at 722–23.

■ The family court had jurisdiction to consider whether equitable tolling applied to Gloria's CR 59 motion. In fact, it is the "appropriate forum for finding facts militating for or against equitable tolling is the circuit court [.]" *Robertson v. Commonwealth*, 177 S.W.3d 789, 792 (Ky.2005), *overruled on other grounds by Hallum v. Commonwealth*, 347 S.W.3d 55 (Ky.2011).

■ Although we agree with Gloria that the family court erroneously declined to consider the merits of her CR 59.05 motion, reversal on that basis alone is problematic. Orders denying CR 59.05 relief "are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations." *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky.App.2011). The reason is that "[u]nder the civil rules concerning appellate procedure, the filing of a CR 59.05 motion suspends the running of

the time for an appeal, and the entry of an order overruling a CR 59.05 motion resets the time for appeal so that a party has the full thirty-days to begin the appeals process." *Mills v. Commonwealth*, 170 S.W.3d 310, 322 (Ky.2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky.2009).

■ However, Gloria also requested and was denied relief under CR 60.02. The denial of relief under that rule is appealable. *Brozowski v. Johnson*, 179 S.W.3d 261, 263 (Ky.App.2005).

"CR 60.02, is a safety valve, error correcting device for trial courts." *Kurtsinger v. Bd. of Trustees of Kentucky Ret. Sys.*, 90 S.W.3d 454, 456 (Ky.2002). Among the grounds for relief under CR 60.02 are mistake and excusable neglect, CR 60.02(a), and any other reason of an extraordinary nature justifying relief. CR 60.02(f). Gloria's motion was filed well within the timeframe in either provision.

■■ It is true that CR 60.02 cannot be used to correct judicial fact-finding errors or legal conclusions. *See Winstead v. Commonwealth*, 327 S.W.3d 479, 489 (Ky. 2010). Those type of errors are properly raised by appeal. However, it is well within the rule's stated grounds and the authority of the court to invoke CR 60.02 when a clerk is responsible for a mistake that prevents a party from receiving notice of the entry of an order or judgment.

In *Kurtsinger*, the Court addressed whether a trial court may vacate a CR 59.05 order under CR 60.02 where a party did not receive notice of entry of the order because of a mistake in not including the party on the clerk's distribution list. The Court held CR 60.02 relief was available on the basis of mistake or excusable neglect. *Kurtsinger*, 90 S.W.3d at 456. It distinguished *Stewart v. Kentucky Lottery Corp.*, 986 S.W.2d 918 (Ky.App.1998),

where the Court held that although neither party received notice of the denial of a motion to reconsider, it could not extend the time for taking an appeal. As the *Kurtsinger* Court stated:

> This case need not turn on appellate rights or CR 77.04. Instead, this is nothing more than a trial court vacating an order on the basis of mistake, inadvertence, or excusable neglect and there is no doubt that a trial court has authority pursuant to CR 60.02 to grant such relief.

*Kurtsinger*, 90 S.W.3d at 456.

Although the *Kurtsinger* Court noted that vacating the CR 59.05 order would have the effect of extending the time for appeal, it nevertheless concluded that sound judicial principles dictated a different result where the timeliness of a notice of appeal is not at issue. The Court focused on the equitable powers of the courts under which "courts have an inherent authority to correct mistakes and protect the integrity of the judicial process." *Id.* at 457. No other procedural rule should be interpreted to undermine the "importance of CR 60.02" and "deprive courts of an important error correcting device and otherwise offend established equitable principles." *Id.*

■ The family court found that both attorneys involved did not receive the order until thirteen days after its entry. Because both attorneys received the order on the same date at different addresses, the only plausible explanation for the delay is that the clerk did not promptly mail the notices of their entry. The family court expressly stated that it was "not opposed, if the rules so allowed, to reconsider the matter." Pursuant to CR 60.02, the family court had the authority to grant Gloria

relief and remedy the prejudice caused by the clerk's failure to promptly mail the order reducing maintenance. With the entry of a new order, all time periods for post-order motions will begin.

Based on the foregoing, the order of the Jefferson Family Court is reversed and the case remanded for further proceedings consistent with this opinion.

ALL CONCUR.