RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1094-ME

TIMOTHY MCILWAIN                                                  APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 19-D-501308-001

BROOKE BERRY                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

CALDWELL, JUDGE: According to the notice of appeal, Timothy McIlwain

(McIlwain) appeals from three orders: 1) a May 2019 domestic violence order

(DVO); 2) a July 2022 order extending the DVO; and 3) an August 2022 order

denying his motion to alter, amend, or vacate the July 2022 DVO extension order.

But McIlwain's appellate briefs substantively challenge only the May 2019 DVO –

for which the time to appeal has long passed – and do not substantively address the

extension proceedings or the merits of the July 2022 extension order. Thus, we decline to address the merits of the May 2019 DVO and must summarily affirm the July 2022 DVO extension order.

## FACTS

McIlwain and Brooke Berry (Berry) previously cohabitated and have a child together. In May 2019, the Jefferson Family Court granted Berry's petition for a DVO to last three years – until May 2022. Shortly after entry of the May 2019 DVO, McIlwain filed a motion to alter, amend, or vacate the DVO. And soon after that, Berry filed a motion to hold McIlwain in contempt for allegedly violating the DVO.

While these motions remained pending, the original family court judge recused from presiding over any future proceedings in the case in August 2019. The case was transferred to another family court judge.

In January 2020, the family court entered an agreed order noting the parties' participation in mediation. Under the agreed order's terms, a request for an emergency protective order on the child's behalf was dismissed and McIlwain's motion to alter, amend, or vacate the DVO was withdrawn.

Prior to the DVO's expiration, Berry filed a motion to extend it for another three years. McIlwain filed a response, arguing that extension was unwarranted on various bases. The family court heard evidence on the motion to

extend the DVO. McIlwain did not attend the hearing, but counsel appeared on his behalf. The family court entered an order extending the DVO for three years in July 2022.

Shortly thereafter, McIlwain filed a motion to alter, amend, or vacate – which the family court denied in August 2022. Within thirty days of the family court's entry of the order denying the motion to alter or amend or vacate, McIlwain filed a notice of appeal. The notice of appeal states McIlwain appeals from the May 2019 DVO, the July 2022 order extending the DVO, and the August 2022 order denying the motion to alter or amend or vacate. Berry argued, *inter alia*, in her brief that any challenge to the May 2019 DVO is untimely and that McIlwain's appeal should be dismissed.

**July 2022 Order is Only Appealable Order Which was Timely Appealed**

Generally, a party has thirty days to file an appeal from a trial court judgment. *See* RAP[1] 3(A)(1); *see also* former CR[2] 73.02(1)(a). However, "the filing of a CR 59.05 motion suspends the running of the time for an appeal, and the entry of an order overruling a CR 59.05 motion resets the time for appeal so that a party has the full thirty-days to begin the appeals process." *Hoffman v. Hoffman*, 500 S.W.3d 234, 236-37 (Ky. App. 2016).

---

[1] Kentucky Rules of Appellate Procedure.

[2] Kentucky Rules of Civil Procedure.

McIlwain argues that his appeal from the May 2019 DVO is timely because he filed a motion to alter, amend, or vacate the May 2019 DVO. It is true that his CR 59.05 motion suspended the time to appeal while the CR 59.05 motion was pending. However, once the CR 59.05 motion was withdrawn via the agreed order, the time to file an appeal from the May 2019 DVO started to run again.

McIlwain has asserted that the family court refused to hold a hearing on his motion to alter, amend, or vacate the May 2019 order and that he was forced to participate in mediation resulting in withdrawal of his CR 59.05 motion. But he provides no citations to the record to show that he objected to mediation or that the court refused to hold a hearing on his CR 59.05 motion.[3] Though he requested a hearing in his CR 59.05 motion before the original family court judge recused, nothing in the record indicates that McIlwain again requested a hearing on the CR 59.05 motion after the case was transferred to another family court judge.

---

[3] McIlwain's appellant brief also does not comply with our appellate rule requirements for preservation statements identifying how and where in the record issues were raised to the trial court and thus preserved for review, RAP 32(A)(4), despite our previously advising McIlwain's appellate counsel of the importance of complying with preservation statement requirements. *See Babcock v. Estridge*, No. 2019-CA-000544-MR, 2020 WL 5587369, at *1 (Ky. App. Sep. 18, 2020) (noting failure to provide proper preservation statement required by then-effective CR 76.12(4)(c)(v) in appellant brief filed by J. Fox DeMoisey).

Failure to provide preservation statements can result in issues being reviewed only for palpable error resulting in manifest injustice rather than under otherwise applicable standards of review for such issues. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). *See also* CR 61.02. Furthermore, substantive failure to comply with appellate briefing rules can result in briefs being stricken and appeals dismissed. *See* RAP 31(H)(1); former CR 76.12(8)(a).

In short, there is no reason to depart from the general rule stated in *Hoffman*. We conclude McIlwain's CR 59.05 motion to alter or amend or vacate the May 2019 DVO suspended the running of the thirty-day period to appeal until the family court effectively denied the CR 59.05 motion by entering an agreed order withdrawing that motion. Upon entry of that order, the time for an appeal began again and ran out.

The agreed order withdrawing the CR 59.05 motion was entered in January 2020. McIlwain's time to appeal from the May 2019 DVO therefore expired 30 days later in February 2020. Since McIlwain filed his notice of appeal in September 2022, the appeal from the May 2019 DVO is clearly time-barred and must be dismissed. RAP 2(A)(3);[4] *see also* former CR 73.02(2). We will not address the merits of the May 2019 DVO.

On the other hand, the appeal from the July 2022 order extending the DVO for another three years was timely filed. McIlwain's CR 59.05 motion to alter or amend or vacate the July 2022 order was timely filed. So, the timely CR 59.05 motion regarding the July 2022 order suspended the thirty-day deadline to appeal until the family court denied the CR 59.05 motion in August 2022.

---

[4] RAP 2(A)(3) states that the failure to file a timely notice of appeal "shall result in a dismissal" of the appeal – as did former CR 73.02(2).

In sum, the appeal from the July 2022 extension order – unlike the appeal from the May 2019 DVO – is not time-barred.[5]  However, the July 2022 order must be affirmed due to McIlwain's failure to argue any error related to this order or the extension proceedings in his briefs.

**We Summarily Affirm the July 2022 Order Based on Lack of Substantive Argument in Briefs About this Order or the Extension Proceedings**

Despite generally requesting that all of the family court's orders be vacated at the conclusion of his appellant brief, McIlwain does not substantively address the merits of the July 2022 order or the extension proceedings in his appellate brief arguments.  In the statement of facts portion of his initial brief, McIlwain asserts:  "the DVO extension hearing consisted of the mother claiming she was afraid even though for three years there had been no incidents and the father has no criminal history."  But McIlwain does not cite any supporting legal authority to challenge the July 2022 order or even make any substantive arguments about the July 2022 order or the extension proceedings in the argument portion of his appellant brief or in his reply brief.[6]

---

[5] McIlwain claims to also appeal from the August 2022 order denying his CR 59.05 motion to alter or amend or vacate the July 2022 DVO extension.  Technically one cannot appeal from an order denying a CR 59.05 motion.  So, we construe his appeal from the August 2022 order denying his CR 59.05 motion to be from the judgment which was the subject of the CR 59.05 motion (the July 2022 order extending the DVO). *See Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019).

[6] Instead, the legal arguments raised in McIlwain's briefs relate only to alleged problems with the family court's entering the May 2019 DVO and/or not granting McIlwain's CR 59.05 motion to

We have no obligation to research or argue any such issues about the July 2022 order or extension proceedings for him. "It is not our function as an appellate court to research and construct a party's legal arguments[.]" *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005). Without any citation of supporting authority, or even argument about alleged error in the July 2022 order, or the extension proceedings in McIlwain's briefs, any error in this regard has been waived. *See id.* ("Our courts have established that an alleged error may be deemed waived where an appellant fails to cite any authority in support of the issues and arguments advanced on appeal. [W]ithout any argument or citation of authorities, [an appellate] [c]ourt has little or no indication of why the assignment represents an error.") (internal quotation marks and citations omitted).

In short, the appeal from the May 2019 DVO is barred as untimely and the appeal from the July 2022 extension order fails due to lack of any argument or citation of supporting authority in the briefs to challenge this order. Further arguments in the briefs not discussed herein have been determined to lack merit or relevancy to our resolving this appeal.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the family court's judgment.

---

alter, amend, or vacate the May 2019 DVO. References to videotaped recordings in McIlwain's briefs appear to be from the May 2019 hearing on the initial petition for a DVO, though the recordings are identified only by time and not by date.

ALL CONCUR.

BRIEFS FOR APPELLANT:    BRIEF FOR APPELLEE:

J. Fox DeMoisey       Troy DeMuth
Prospect, Kentucky       Spencer J. Brooks
              Prospect, Kentucky