RENDERED: MAY 12, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0474-MR

JASON LAMARR TAYLOR                              APPELLANT

                  APPEAL FROM KNOTT CIRCUIT COURT
v.               HONORABLE DWIGHT S. MARSHALL, JUDGE
                  ACTION NO. 13-CI-00414

TEANNA LEIGH TAYLOR
(NOW MOORE)                                     APPELLEE

OPINION AND ORDER
DISMISSING APPEAL

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND ECKERLE, JUDGES.

ECKERLE, JUDGE: Jason Lamarr Taylor ("Father") appeals from orders of the

Knott Family Court holding him in contempt and directing that he not have his

child vaccinated without the consent of Teanna Leigh Taylor (now Moore)

("Mother"). However, we note that Father filed a CR[1] 59.05 motion following entry of these orders and then filed a notice of appeal before the Family Court ruled on this motion. As a result, this appeal is taken from non-final orders. Hence, we must dismiss the appeal.

Father and Mother were married in 2006 and separated in 2013. One child, B.D.T. (Child), was born during the marriage. On December 12, 2013, Wife filed a petition for dissolution of the marriage. The parties eventually entered into a marital settlement agreement, which provided, in relevant part, that they would share joint custody of Child with the parties sharing equal parenting time. The Family Court adopted their agreement into a decree entered on July 21, 2014.

The current dispute arose in December 2021, when Father contacted Mother about vaccinating Child with the Pfizer-BioNTech pediatric vaccine for COVID-19. Mother opposed Child having the vaccine, stating that there was insufficient data on its potential long-term effects. However, Mother indicated that she might be open to the idea in the future.

On January 24, 2022, Father contacted Mother, again asking about having Child vaccinated. Mother again expressed concerns about the vaccine's efficacy and potential side effects. Father stated that Child needed to be vaccinated

---

[1] Kentucky Rules of Civil Procedure.

before a planned cruise, but Mother still refused to allow it. Father then stated that he intended to get Child vaccinated anyway. Child received the first dose of the vaccine on January 28.

On February 10, 2022, Mother filed a motion to show cause why Father should not be held in contempt for his failure to abide by the joint custody provisions of the settlement agreement. She also sought to prohibit Father from further vaccinating Child without her consent. The Family Court held a hearing on the motions on March 21, 2022.

Thereafter, on March 28, 2022, the Family Court issued findings of fact, conclusions of law, and separate orders on the motions. After summarizing the testimony, the Family Court found that it is not in the best interest of Child to be administered the remaining doses of the vaccine. In a separate order, the Court found Father in contempt for violation of the custody terms for having Child vaccinated without Mother's agreement. The court directed that Father "shall obtain leave of the Court or [Mother's] agreement for any and all future major life decisions pertaining to the minor child." The Court also directed Father to pay Mother's attorney fees for bringing the motion. On April 6, 2022, Father filed a CR 59.05 motion to set aside the order. However, he then filed a notice of appeal prior to the Family Court ruling on that motion.

With few exceptions, this Court only has jurisdiction to review final and appealable orders. *Wright v. Ecolab, Inc.*, 461 S.W.3d 753, 758 (Ky. 2015). "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. "The timely filing of a CR 59.05 motion postpones finality, and a ruling on the CR 59.05 motion is necessary to achieve finality." *Kurtsinger v. Bd. of Trustees of Kentucky Ret. Sys.*, 90 S.W.3d 454, 458 (Ky. 2002). The Family Court retains the discretion to modify, amend, or vacate the March 28, 2022, order. *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 579 (Ky. 2009). Although the Family Court's March 28, 2022, orders were final, the orders became interlocutory upon Father's timely filing of his CR 59.05 motion. *Atkisson v. Atkisson*, 298 S.W.3d 858, 866 (Ky. App. 2009) (citing *Johnson v. Smith*, 885 S.W.2d 944, 947 (Ky. 1994)).

We recognize that the Kentucky Rules of Appellate Procedure ("RAP") alters this rule. Specifically, RAP 3(E)(3) provides:

> If a party files a notice of appeal after the date of the docket notation of service of judgment in paragraph (A)(2) above, but before disposition of any timely motions under CR 50.02, CR 52.02, or CR 59, the trial court retains jurisdiction to rule on the motion. The appellant shall promptly move the appellate court to hold the appeal in abeyance pending a decision on such motion. When the trial court has entered an order disposing of the motion, the appellant shall promptly file a copy with the clerk of the appellate court.

However, this rule did not become effective until January 1, 2023 – well after Father filed his notice of appeal.[2] Accordingly, the prior requirements for finality still apply to this appeal. Because the Family Court never ruled on Father's CR 59.05 motion, the Court's March 28, 2022, orders were not final when he filed his notice of appeal on April 26, 2022. Consequently, this Court must dismiss his appeal. No appeal may be taken until the Family Court rules on the pending CR 59.05 motion, restoring finality to the March 28, 2022, orders.

Accordingly, we dismiss the above-styled appeal as taken from a non-final order.

ALL CONCUR.

ENTERED: _____

_____
JUDGE, COURT OF APPEALS

---

[2] Even if RAP 3(E)(3) applied to this appeal, the rule requires an appellant to "promptly move the appellate court to hold the appeal in abeyance pending a decision on such motion." Since Father has never advised this Court that there was a pending CR 59.05 motion, the motion is still pending before the Family Court, and there is no final and appealable order to review.

BRIEF FOR APPELLANT:

E. Seth Combs
Hindman, Kentucky

BRIEF FOR APPELLEE:

Ryan D. Mosley
Hazard, Kentucky