RENDERED: MARCH 29, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1176-MR

LOWELL McINTOSH                                                                                      APPELLANT


v.                    APPEAL FROM LOGAN CIRCUIT COURT
                     HONORABLE JOE W. HENDRICKS, JR., JUDGE
                     ACTION NO. 20-CI-00185


THE ESTATE OF FRANK
McINTOSH, BY AND THROUGH ITS
EXECUTOR, GARY McINTOSH;
AND GARY McINTOSH                                                                                    APPELLEES


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Lowell McIntosh brings this appeal from a November 1, 2021, Final Judgment of the Logan Circuit Court denying his motion for relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We vacate and remand.

Frank McIntosh died testate on January 29, 2020. Frank had two sons, Lowell McIntosh and Gary McIntosh. Gary petitioned the Logan District Court to be appointed as Executor of the Estate of Frank McIntosh and was duly appointed. Lowell had been excluded from Frank's Last Will and Testament that was executed on December 14, 2015. Lowell filed an action to set aside Frank's will in the Logan Circuit Court on September 4, 2020. Therein, Lowell asserted that Frank lacked testamentary capacity and had been subjected to undue influence in the drafting of his will. By Final Judgment entered November 1, 2021, Lowell's claims for lack of capacity and undue influence were dismissed. Neither a motion for reconsideration nor a notice of appeal was filed following entry of the November 1, 2021, Final Judgment.

On May 16, 2022, Lowell filed a Motion for Relief from Judgment pursuant to CR 60.02. Therein, Lowell asserted he never received notice of entry of the November 1, 2021, Final Judgment. Lowell pointed out that according to the clerk's docket, notice of entry of the Final Judgment was sent by electronic service to Daniel N. Thomas, as counsel for the Estate of Frank McIntosh, and to J. Stewart Wheeler. According to Lowell, Wheeler represented Lowell in an unrelated criminal matter but had no connection to the instant will contest action. However, Lowell's counsel of record in the underlying action, Matthew J. Baker, was not sent the notice of entry by electronic service or by mail. As notice of entry

-2-

of judgment was not sent to attorney Baker, Lowell argued the November 1, 2021,

Final Judgment should be vacated, and the court should render a new judgment.

A hearing upon the CR 60.02 motion was conducted on August 10,

2022. By Order entered September 9, 2022, the circuit court reasoned:

> The Court finds there to be no factual or legal basis demonstrated by the movant to support the relief requested to set aside the November 1, 2021, Final Judgment by the application of CR 60.02 and/or CR 77.04(4). Those arguments provided by [Lowell McIntosh], required to be addressed in a timely filed CR 59.05 Motion, have no relevancy to the CR 60.02 motion filed by the [Lowell McIntosh]. The "Excusable Neglect," advanced by the [Lowell McIntosh] does not provide a CR 60.02 legal basis to set aside the Final Judgment. [Lowell McIntosh]'s Motion fails to demonstrate "extraordinary circumstances" as addressed by the applicable decisions of the Kentucky Court of Appeals to relitigate the issues raised and previously resolved by the Court.

September 9, 2022, Order at 1. The circuit court ultimately denied Lowell's CR

60.02 motion. This appeal follows.

Lowell contends the circuit court erroneously denied his CR 60.02

motion as his "right of appellate review is being denied to him because of a clerical

error that resulted in a lack of notice to him." Lowell's Brief at 4.

It is well-established that a notice of appeal shall be filed within thirty

days from the date of the notation of service on the clerk's docket of the judgment

or order. CR 73.02(1);[1] *Fox v. House*, 912 S.W.2d 450, 451 (Ky. App. 1995). And, the clerks' notation on the docket recording entry of the notation of service fixes the running of time for an appeal. CR 73.02(1)(a); *Fox*, 912 S.W.2d at 451. It is equally well-settled that if the clerk fails to serve notice or the party fails to receive notice, it does not affect the time for the taking of an appeal. CR 77.04; *Stewart v. Ky. Lottery Corp.*, 986 S.W.2d 918, 920 (Ky. App. 1998).

However, in *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454, 456 (Ky. 2002), the Kentucky Supreme Court recognized that where the clerk fails to send notice of entry of an order to a party, the circuit court may vacate such order under CR 60.02(a) and enter a new order.[2] The *Kurtsinger* Court recognized that CR 60.02 addresses itself to the broad discretion of the circuit court and provides the "flexibility to achieve just results" by setting aside a final judgment when the clerk failed to send notice of entry to a party. *Id.* at 456. In fact, the *Kurtsinger* Court stated that "this is nothing more than a trial court vacating an order on the basis of mistake, inadvertence, or excusable neglect

---

[1] This case was litigated in the lower court prior to the adoption of the Rules of Appellate Procedure. Thus, we will cite to the former Kentucky Rules of Civil Procedure.

[2] In *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454, 456 (Ky. 2002), the clerk's failure to send notice of entry of the order was specifically due to the fact that the parties were not included on the distribution list of the order prepared by the judge or his staff.

and there is no doubt that a trial court has authority pursuant to CR 60.02 to grant such relief." *Id.* at 456.

In the case *sub judice*, it is undisputed that the clerk failed to send notice of entry of the November 1, 2021, Final Judgment to Lowell's counsel. However, from a review of the record, including the hearing upon the Motion for Relief from Judgment, it appears that the circuit court mistakenly believed that CR 60.02 was unavailable to provide relief to Lowell. Per *Kurtsinger*, 90 S.W.3d at 456, the circuit court has discretion to grant CR 60.02(a) relief where a party's failure to receive notice of entry of the judgment was due to an error of the clerk. Therefore, we vacate the November 1, 2021, Final Judgment and remand for the circuit court to reconsider the CR 60.02 motion in accordance with *Kurtsinger*, 90 S.W.3d at 456.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the Final Judgment of the Logan Circuit court is vacated and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

Daniel N. Thomas
Hopkinsville, Kentucky